**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| EUGENE JONES | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RWT-12-651 |
| R.N. McKENRICK | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is Defendant's Motion to Dismiss or for Summary Judgment.[1]  ECF No. 30. Although he was advised of his right to file a response in opposition to Defendants' motion and of the consequences of failing to do so, Plaintiff has not filed anything further in this case.  *See* ECF No. 31.  For the reasons stated below, Defendant's motion shall be granted.

### Background

Plaintiff alleges that while attempting to get to the top bunk in his prison cell he fell, breaking his nose and lacerating his lip.  ECF No. 1, 3 and 19.  As a result of his injuries Plaintiff was sent to a hospital for treatment.  Plaintiff asserts that prior to the fall he had been given two knee braces for his bad knees by the medical staff and, despite knowing about his bad knees, he was not given a medical order for a bottom bunk.  Plaintiff explains that chairs that had been used to assist inmates in reaching the top bunk were removed from the cells in his housing unit. He states that the bunk is too high to reach without assistance and it is unsafe to step on the sink or toilet to reach the bunk.  He claims that Defendant R.N. McKenrick (McKenrick) told him that inmates are not entitled to have a medical order for a bottom bunk for every medical condition diagnosed.  ECF No. 10 at Att. 1, p. 3.  He further claims that if McKenrick had

---

[1] On October 16, 2012, the undersigned granted Plaintiff's Motion for Voluntary Dismissal of claims against all other Defendants, leaving only his claim against R.N. McKenrick pending.  ECF No. 29.

followed proper procedure and given him a bottom bunk assignment order he would not have suffered a broken nose and lacerated lip. *Id*. Plaintiff further claims that as a result of the injuries sustained he continues to experience pain to his teeth.

McKenrick provides medical records in support of her dispositive motion.[2] ECF No. 30 at Ex. A. On the date Plaintiff alleges he fell, January 2, 2012, medical staff were called to the housing unit "for possible altercation." *Id*. at p. 11. When asked what happened, Plaintiff did not respond. He was observed with a contusion on his left outer eye, a scratch to his left inner eye, swelling to his cheek just above lip on the right side, a scratch to his right cheek and a deep laceration to the right side of his face. *Id*. Plaintiff was sent to an outside hospital for emergency medical attention where it was discovered he had suffered a fractured nose. *Id*. at p. 13. Plaintiff's lacerations were sutured; he was given discharge instructions by hospital staff which included wound care and directives to keep ice on his nose. *Id*.

Two days after the incident, Plaintiff was seen again by medical staff. At that time, Plaintiff reported having trouble chewing his food due to the laceration to his mouth, but stated he did not wish to change his diet. He was prescribed Keflex, ibuprofen and baclofen to address the pain when eating and to prevent infection. ECF No. 30 at Ex. A, p. 15. The cause of his injuries was attributed to an assault. *Id*. at p. 16. The following day, Plaintiff reported that his facial wound was draining and he was instructed to complete the full course of antibiotics ordered for him the day before. *Id*. at p. 17. On January 12, 2012, Plaintiff's stitches were removed and it was noted he was compliant with antibiotic therapy. *Id*. at p. 20. At a follow-up appointment one week later, it was noted that Plaintiff's wound was healing. *Id*. at p. 27.

On February 1, 2012, Plaintiff reported experiencing a toothache on the same side of his mouth where the laceration had occurred. He was referred for a dental appointment. *Id*. at p. 28.

---

[2] The motion it not supported by an affidavit from McKenrick. ECF No. 30.

On February 15, 2012, Plaintiff complained that his knees "ache all the time" and that his face and nose still aches from the past trauma. *Id*. at p. 33. Plaintiff was prescribed muscle rub and 600 mg of Ibuprofen for his pain. *Id*. at p. 34. Plaintiff again complained on March 14, 2012, of continued pain from the trauma. *Id*. at p. 37. Plaintiff was provided with pain medication to address his knee pain as well as the residual pain from the trauma. *Id*. pp. 38 – 89. There is no indication in the record that Plaintiff attributed his injury to a fall occurring when attempting to reach the top bunk.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The only discernible claim raised against Defendant McKenrick is that she did not approve Plaintiff for a medical order requiring his assignment to a bottom bunk. Assuming without deciding that Plaintiff's facial injuries and broken nose were the result of his attempt to get to the top bunk,[3] and not the result of an assault, McKenrick's denial of a medical order for bottom bunk status still does not constitute deliberate indifference to a serious medical need.

---

[3] The court notes that there is sparse evidence supporting Plaintiff's claim that he fell attempting to get into his bunk. Records indicate he suffered injuries to both sides of his face, his nose, and his eye, injuries more indicative of a fight than a fall.

Plaintiff's knee issues were being addressed through provision of knee braces and pain relief medication; there is no indication that his knee pain impacted on his ability to get to the top bunk in his cell.  Thus, a bottom bunk order was not medically required and Plaintiff's disagreement with that assessment is not an adequate basis for an Eighth Amendment claim.  To the extent removal of a chair from his cell somehow required Plaintiff to try to leap into the bunk, McKenrick was not responsible for the decision to remove the chair, nor was she responsible for Plaintiff's decision to get into his bunk in the manner he chose. Accordingly, McKenrick is entitled to summary judgment in her favor.  A separate Order follows.

Date: <u>December 21, 2012</u>                                      /s/
                                                              ROGER W. TITUS
                                                       UNITED STATES DISTRICT JUDGE